1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

DEVON S. SHELLEY, an
individual person,

   Plaintiff,

  v.

PETE GEREN, Secretary of the
Army, United States Army Corp of
Engineers, Agency,

   Defendant.

NO.  CV-08-5045-RHW

**ORDER GRANTING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT**

  Before the Court is Defendant's Motion for Summary Judgment, seeking judgment on Plaintiff's sole cause of action: age discrimination in violation of the Age Discrimination in Employment Act of 1991 ("ADEA"), 29 U.S.C. §§ 621-634. Also pending is Defendant's Motion in Limine (Ct. Rec. 32), which is rendered moot by the Court's decision to grant Defendant's dispositive motion.

FACTS

  Unless otherwise noted, the following facts are undisputed.

  In 2005, the United States Army Corps of Engineers ("Corps") needed to fill a GS-1102-14 Supervisory Procurement Analyst (Chief of Contracting) position in the Corps' Kansas City District. The Corps decided to fill the position in a two-tiered approach: first, selecting a candidate for a 120-day temporary developmental opportunity, then using a five-member selection panel to hire a permanent employee. The Corps advertised the 120-day position on October 3, 2005.

  At the time, Plaintiff Devon Scott Shelley was the Assistant Chief of Contracting, GS-13 Grade, in the Corps' Walla Walla District. He was 54 years old

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT * 1**

(born in 1951) and was eligible to retire in the fiscal year 2006. He applied for the 120-day position on October 18, 2005. Major (now Lieutenant Colonel) Kelly Butler was in charge of selecting a candidate for the 120-day position, and she selected Vincent L. Marsh (age 41 or 42, born in 1963), for the position over Plaintiff.

In her deposition in this case, Butler testified that she selected Marsh because she believed he was the most qualified of the nine candidates who applied for the 120-day position (Ct. Rec. 17, Defendant's Statement of Facts, Ex. 3, p. 27). In a prior hearing during the Equal Employment Opportunity Office's investigation of Plaintiff's complaint, Butler testified that she did not choose Plaintiff for the 120-day position because of a negative reference she received from Plaintiff's supervisor, Connie Oberle (Ct. Rec. 22, Plaintiff's Statement of Facts, Ex. 1, p. 9). In her deposition, Oberle testified that she did not remember talking to Butler about Plaintiff in reference to the 120-day position (*Id.* at p. 11). Oberle opined that the failure to select Plaintiff for the 120-day position was "related to his age" because two individuals, Kevin Brice and Joe Scanlan, asked the contracting chiefs "for projected retirement dates very close to that same time frame on people in our districts and divisions" (*Id.*). A November 2, 2005, email from Brice indicates that both he and Scanlan were part of the process of selecting Marsh for the 120-day position (*Id.* at p. 22). In his deposition, Scanlan testified that he did not recall requesting the projected retirement dates at that time and did not believe it had happened (*Id.* at p. 25). He further noted that any such list would not include any of the employee's names (*Id.* at p. 26).

The Corps began accepting applications for the permanent position on October 21, 2005. Thirty-two individuals applied, including both Plaintiff and Marsh. Six candidates were selected for an interview; Plaintiff was not among them. The candidates selected were born in 1950, 1952, 1955, 1959, 1959, and 1963. Scanlan was one of the five members of the panel. He testified in his

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** * 2

deposition that the panel reviewed only candidates' resumes, and no other documents or information, to come up with the short list of six interviewees (*Id.* at p. 43). Colonel Rossi, the chairperson of the panel, testified to same effect in the Department of Defense's investigation (Ct. Rec. 17, Defendant's Statement of Facts, Ex. 14, p. 26). Rossi also testified that the panel had no knowledge of the applicants' ages (*Id.* at p. 25). The panel eventually selected Marsh for the permanent position.

Plaintiff's declaration devotes several pages to detailing his qualifications for the position and comparing them to Marsh's. Defendant points out in detail that Plaintiff's resume, the only document reviewed by the selection panel, did not include numerous qualifications Plaintiff now claims (Ct. Rec. 17, Defendant's Statement of Facts, pp. 3-4). Plaintiff has not disputed that fact.

Plaintiff filed a discrimination complaint with the Department of Defense's Equal Employment Opportunity Office on May 12, 2006, alleging that he was not selected for an interview because of his age. The complaint did not specifically challenge the failure to select Plaintiff for the 120-day position. Plaintiff argues, without citation to the record, that "there was much discussion and dispute during the EEO investigation regarding the selection of Marsh for the 120-day position" (Ct. Rec. 19, Plaintiff's Memorandum in Opposition, p. 13). The complaint was eventually denied.

SUMMARY JUDGMENT STANDARD OF REVIEW

Summary judgment shall be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is (1) no genuine issue as to (2) any material fact and that (3) the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** * 3

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A "material fact" is determined by the substantive law regarding the legal elements of a claim. *Id.* at 248. If a fact will affect the outcome of the litigation and requires a trial to resolve the parties' differing versions of the truth, then it is material. *S.E.C. v. Seaboard Corp.*, 677 F.2d 1301, 1305-06 (9th Cir. 1982). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Liberty Lobby,* 477 U.S. at 248.

The moving party has the burden of showing the absence of a genuine issue as to any material fact. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970). In accord with Rules of Civil Procedure 56(e), a party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but... must set forth specific facts showing that there is a genuine issue for trial." *Id.* Summary judgment is appropriate only when the facts are fully developed and the issues clearly presented. *Anderson v. American Auto. Ass'n*, 454 F.2d 1240, 1242 (9th Cir. 1972). "Rule 56(c) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

ADEA STANDARD OF REVIEW

A June 2009 Supreme Court decision radically changed the landscape of claims under the ADEA. The Court rejected the mixed-motive, burden shifting theory of age discrimination that had previously been accepted in several circuits, including the Ninth, and held that "a plaintiff bringing a disparate-treatment claim pursuant to the ADEA must prove, by a preponderance of the evidence, that age was the 'but-for' cause of the challenged adverse employment action." *Gross v. FBL Fin. Servs.*, --- U.S. ---, 129 S. Ct. 2343, 2352 (2009). Moreover, "[t]he burden of persuasion does not shift to the employer to show that it would have

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** * 4

taken the action regardless of age, even when a plaintiff has produced some evidence that age was one motivating factor in that decision." *Id. Gross* has not yet been applied by the Ninth Circuit.

ANALYSIS

As a threshold matter, Defendant argues that the Court lacks jurisdiction to hear Plaintiff's challenge to the failure to select him for the 120-day position because he failed to exhaust his administrative remedies. Defendant cites 29 C.F.R. § 1614.105(a)(f), providing that employees must file claims within 45 days of the challenged employment practice, and argues that Plaintiff's claim must fail because he did not contact an EEO counselor until 100 days after his non-selection. However, "the ADEA 'contains no express requirement that a federal employee complainant seek administrative relief,' except that an employee who wishes to file suit without pursuing administrative remedies must give the EEOC notice of intent to sue at least 30 days before filing suit." *Bankston v. White*, 345 F.3d 768, 770 (9th Cir. 2003) (quoting *Stevens v. Dep't of Treasury*, 500 U.S. 1, 12 (1991), and citing 29 U.S.C. § 633a(d)). The record does not indicate whether Plaintiff gave the EEOC specific notice of his intent to sue. Regardless, the Court will assume *arguendo* that it does have jurisdiction over both challenged employment practices (the failure to select Plaintiff for the 120-day position and the failure to select him for an interview).

Plaintiff filed his Complaint before *Gross* was announced, and it appears that he has failed to accommodate his claims to the new post-*Gross* framework. He does not squarely confront *Gross* in his memo in opposition and instead cites pre-*Gross* cases and cases involving racial discrimination, to which the *McDonnell-Douglas* burden-shifting framework still applies.

Plaintiff argues that his "starkly superior" qualifications, when compared to Marsh's "starkly inferior" qualifications, alone raise an inference of age discrimination. First, the Court disagrees with the premise of this argument

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** * 5

because no such stark disparity between the two resumes is apparent. While Plaintiff has a graduate degree that Marsh lacks, as well as additional years of experience, Marsh was already employed as a Supervisory Procurement Analyst (GS-14 to Plaintiff's GS-13) at the time he applied for the 120-day position (*compare* Plaintiff's resume, Ex. 8 to Defendant's Statement of Material Facts, *with* Marsh's resume, Ex. 11). Therefore, Marsh's selection for the position constituted a lateral movement, whereas Plaintiff's selection would have been a promotion. Both resumes indicate that the applicants had ample years of relevant experience, and met the selection criteria set forth for the position (Defendant's Statement of Material Facts, Ex. 2). Second, even assuming that such a stark disparity exists, it would be insufficient, standing alone, to raise an inference of but-for causation after *Gross*. Again, the case law Plaintiff cites in support of this argument pre-dates *Gross* and applies the burden-shifting analysis that *Gross* rejects.

Plaintiff advances no direct evidence of age discrimination. The only circumstantial evidence to which Plaintiff can point is Oberle's allegation that Scanlan requested information on projected retirement dates around the time the 120-day position was announced, and Scanlan's alleged "dissembling" in his deposition. Viewing these facts in the light most favorable to Plaintiff, they support an inference only that age may have been a motivating factor in Scanlan's decisionmaking. As Defendant points out, even if Scanlan himself wanted to deny Plaintiff the job opportunities *solely* due to Plaintiff's age (a conclusion not supported by the record), Plaintiff has made no showing that Scanlan offered more than one vote in the selection process. At oral argument, Plaintiff asserted that because Scanlan was the "subject matter expert" on the selection panel, he exerted a larger degree of influence than his one vote would suggest. However, Plaintiff cited no support for this conclusion, which appears to be based on mere speculation.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** * 6

The Court finds these facts manifestly insufficient to show but-for causation. The Court finds guidance in Judge Settle's recent rejection of a similar argument: "Viewing the facts in the light most favorable to Plaintiff, he has shown only that employees asked about his age on two different occasions. These inquires hardly rise to the level of discrimination 'because of' an employee's age." *Frank v. Potter*, 2009 WL 2240317, 3 (W.D. Wash. 2009).

The Court finds that no reasonable jury could conclude that Plaintiff's age was the cause-in-fact of the failure to select him for the 120-day position or the failure to select him for an interview for the permanent position. Therefore, the Court must grant Defendant's motion for summary judgment, and deny Defendant's remaining motion as moot.

Accordingly, **IT IS HEREBY ORDERED:**

1.   Defendant's Motion for Summary Judgment (Ct. Rec. 15) is **GRANTED.**

2.   Defendant's Motion *in Limine* (Ct. Rec. 32) is **DENIED as moot.**

3.   The District Court Executive is directed to enter judgment in favor of Defendant.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order, forward copies to counsel, and **close the file.**

**DATED** this 6th  day of November, 2009.


*s/Robert H. Whaley*
ROBERT H. WHALEY
United States District Judge

Q:\CIVIL\2008\Shelley\grant.sj.ord.wpd

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** * 7